## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter the "Agreement") is made by and between Edna Okae, her successors, heirs, executors, administrators, trustees, agents, successors or assigns and all persons acting by, through, under or in concert with each other (hereinafter, collectively, "Employee"); and Teresa Sajkowski, her successors, heirs, executors, administrators, trustees, agents, successors or assigns and all persons acting by, through, under or in concert with each other (hereinafter, collectively, "Sajkowski"); and Independence Home Care, LLC, including its subsidiaries, affiliates, predecessors, partners, joint venturers, insurers, successors, assigns, agents, stockholders and all of their employees, officers, directors, representatives and attorneys, and all persons acting by, through, under or in concert with it (collectively "the Company"). Employee, Sajkowski and the Company are collectively referred to herein as, "the Parties."

WHEREAS, certain disputes have arisen between the Parties with regard to Employee's employment relationship and the payment of wages arising out of that relationship, which are detailed in part in litigation captioned, Edna Okae v. Independence Home Care LLC, et. al, District of NJ, no. 17-2027 ("the Federal Lawsuit");

WHEREAS, Sajkowski and the Company deny all of the allegations asserted against them by the Employee in the Federal Lawsuit; and

WHEREAS, the Parties desire to fully and finally settle and resolve all differences among them through the present arising out of their employment relationship including, but not limited, to all claims made in the Federal Lawsuit, all claims arising out of Employee's employment with the Company, any other claims arising out of or related to the Parties' executed employment contracts, and all other claims that Employee may have against the Company and Sajkowski

through the date of this Agreement. Both Parties have entered into this Agreement to avoid the burden, expense, delay and uncertainties of litigation.

NOW THEREFORE, in consideration of the mutual promises contained herein, it is mutually agreed as follows:

1. **RELEASE**

In full, final and complete settlement of Employee's claims of any nature, whatsoever, whether asserted or unasserted, known or unknown, including but not limited to her claims made in the Federal Lawsuit, and any claims or potential claims, demands, actions, causes of action, rights of action, rights, costs, expenses, compensation, duties, dues, debts, bonds, bills, sums of money, suits, reckonings, contracts, obligations, controversies, covenants, agreements, promises, variances, trespasses, judgments, executions, damages, attorneys' fees, remedies, responsibilities, liabilities and accounts of whatsoever kind, nature, or description, direct or indirect, whether in law or in equity, in contract or in tort, pursuant to statute or otherwise of any relief whatsoever, including claims for back pay, front pay, unpaid wages, overtime wages, compensatory damages, punitive or multiplied damages, liquidated damages, benefits, attorneys' fees, expenses and costs which Employee may have or could have incurred, Employee hereby irrevocably and unconditionally releases, remises and forever discharges Sajkowski, Vincent K. Sajkowski, the Company, and all of its officers, agents, contract workers, and employees (collectively, "Releasees") of and from any and all actions, causes of actions, suits, debts, charges, complaints, contracts, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses of any nature, whatsoever, in law or equity, including all claims for attorney's fees and costs which the Employee has incurred or may incur from the beginning of time up until the date

2

of the full execution of this Agreement by the Employee, including but not limited any claims or rights Employee may have against Releasees under the Fair Labor Standards Act, the federal Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the federal Family and Medical Leave Act, Sections 1981 and 1983 of the Civil Rights Act of 1866, the Employee Retirement Income Security Act of 1974, as amended, the Worker Adjustment and Retraining Notification Act, the National Labor Relations Act, the federal Occupational Safety and Health Act, the federal False Claims Act, the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the New Jersey Wage Payment Law, the New Jersey Wage and Hour Law, the New Jersey Family Leave Act, the New Jersey Equal Pay Act, and any other federal, state, or local laws against discrimination and harassment, or any other federal, state, or local statute, regulation or common law claim relating to employment, working, retaliation, whistle-blowing, wages, hours, benefits, attorneys' fees, or any other terms and conditions of employment and/or termination from employment. This release does not apply to claims arising under this Agreement (such as for breach of this Agreement or enforcement of the terms and conditions of this Agreement) nor does it apply to claims arising after the date of this Agreement.

2. **CONSIDERATION FOR RELEASE**

As consideration for the foregoing Release, the Parties agree to the following material consideration:

A. the Company will remit a settlement in the amount of $10,000.00 (the "Settlement Compensation") as a full and final satisfaction of all claims as follows:

3

B.  the Company will issue one checks payable to the Employee, in the gross amount of $5,741.50 payable to the Employee, less applicable payroll withholding taxes/deductions, reported on IRS W-2 form. This amount is for alleged overtime pay; and

C.  the Company will issue a check in the gross amount of $4,258.50, payable to Employee's attorneys: Karpf, Karpf and Cerutti, P.C., for attorneys' fees and costs reported on IRS form 1099.

3.  **TAXES**

The Company and Sajkowski make no representations concerning the tax consequences of the Settlement Compensation, and Employee agrees to pay any federal, state or local taxes which are or may become due with respect to such payments. Employee agrees to indemnify and hold the Company and Sajkowski harmless with respect to any taxes which should have been paid by her that are not paid. Employee agrees to indemnify and hold the Company harmless from any claim, assessment, or liability (including penalties or interest) should any federal, state or local taxing authority assert that income taxes, FICA contributions or other taxes are owed by Employee on the Settlement Compensation.

4.  **NO ADMISSION OF LIABILITY**

Sajkowski and the Company deny any and all liability to the Employee for any matter of any kind whatsoever. This Agreement is not and shall not in any way be construed as an admission by Sajkowski and the Company of liability for any of the claims made in the Federal Lawsuit or any claims potentially asserted by Employee against Sajkowski and the Company through the present.

4

### 5. APPROVAL OF SETTLEMENT AND DISMISSAL OF LITIGATION

The parties have executed and submitted a Joint Proposed Consent Order to Magistrate Judges Bongiovanni and Magistrate Judge Goodman pursuant to 28 U S. C. §636(c) and Fed. R. Civ. P. 73. The parties have agreed to seek Judge Bongiovanni and Judge Goodman's approval of the settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA pursuant to 29 U.S.C. §216(b) by submitting the Consent Order in the form attached hereto as Exhibit "A." Following judicial approval, the Federal Lawsuit will be dismissed with prejudice pursuant to Local Rule 41.1(b) of the Local Rules of the United States District Court for the District of New Jersey. The settlement funds outlined in paragraphs 2.B and 2.C are to be received by the Employee's attorney (Christine Burke, c/o Karpf, Karpf & Cerutti, P.C.) within 20 days after Sajkowski and the Company's counsel (or Sajkowski, if not represented) receives each of the following: (a) the Agreement executed by the Employee; (b) completed I. R. S. forms W-9 from Karpf, Karpf and Cerutti, P.C. (and Employee if applicable); and (c) a signed Order from the Court approving the Agreement.

### 6. ENFORCEMENT OF AGREEMENT

Should it be necessary for a Party to institute any legal action to enforce the terms of this Agreement, the breaching party wall be liable to the non-breaching party for all reasonable attorneys' fees and costs incurred by a prevailing party. If any provision(s) of this Agreement is held to be unenforceable, such provision shall be considered to be distinct and severable from the other provisions of this Agreement, and the unenforceable provision(s) shall not affect the validity and enforceability of the remaining provisions. If any provision of this Agreement is held to be unenforceable as written but may be made enforceable by limitation, then such

5

provision shall be enforceable to the maximum extent permitted by applicable law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any of the Parties.

### 7. NON-DISPARAGEMENT

Employee agrees that she will not disparage or comment negatively in any manner, whatsoever about any matter of any kind regarding Sajkowski, the Company, or any affiliated entity or any employee, agent, or representative of the Company or any affiliated company. Sajkowski agrees that she will not disparage or comment negatively in any manner, whatsoever about any matter of any kind regarding Employee.

### 8. EMPLOYMENT INQUIRIES

At the same time that it provides the settlement monies as recounted above, the Company will provide an employment confirmation letter in the form of a signed letter on company letterhead confirming Employee's dates of employment and last position held. If Sajkowski or the Company receive an inquiry regarding the employment of Employee, they shall provide only her dates of employment and the title of her position.

### 9. AGREEMENT NOT TO SEEK RE-EMPLOYMENT

Employee agrees she will not seek re-employment with Sajkowski or the Company at any time in the future.

### 10. MODIFICATION/COUNTERPARTS

This Agreement may not be amended, altered, modified or otherwise changed except by written stipulation signed by each of the Parties hereto. This Agreement may be executed in counterparts and in facsimile form and each counterpart shall be deemed an original.

6

### 11. CONTRACT

The Parties agree that this Agreement is contractual and not a mere recital.

### 12. ADVICE OF COUNSEL

Employee represents and certifies that she has carefully read and fully understands, and/or that she has had completely explained to her by her attorneys, all of the provisions and effects of this Agreement, and that she has been advised by Sajkowski and the Company to consult with her attorney with respect to all aspects of this Agreement, and the meaning and effect hereof, and she has done so. Employee acknowledges that this Agreement is the entire agreement and understanding between the Parties and that Employee is entering into this Agreement voluntarily, and that Sajkowski and the Company have not made any representations concerning the terms or affects of this Agreement other than those contained herein.

### 13. VOLUNTARY EXECUTION

Employee acknowledges that she is knowingly and voluntarily executing this Agreement with full knowledge of the consequences of doing so and that it is valid, fair, adequate and reasonable and her signature was not procured through fraud, duress or mistake and has not had the effect of misleading, misinforming or failing to inform her. Employee further confirms that she is of sound mind and represents there is no medical or psychological reason she cannot fully understand and comprehend the terms of the Agreement.

### 14. INTERPRETATION

The terms of this Agreement shall be interpreted pursuant to the laws of the state of New Jersey.

7

### 15. JURISDICTION

The federal court shall retain jurisdiction over the enforcement of the settlement including any action to enforce this Agreement or for equitable relief or any other action required to fulfill the specific terms and spirit of the Agreement.

### 16. AUTHORIZATION OF SIGNATORIES

The undersigned represent that they are fully competent and authorized to execute the Agreement and have signed their names to this Agreement of their own free will.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto execute the foregoing Settlement Agreement and General Release and Confidentiality Agreement.

_____  5-31-17
Edna Okae                         Date

_____  5/31/17
Teresa Sajkowski                  Date

_____  5/31/17
Independence Home Care LLC        Date
(by Teresa Sajkowski)

8