IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDNA OKAE<br><br>          Plaintiff,<br>v.<br><br>INDEPENDENCE HOME CARE, LLC<br>    and<br>TERESA SAJKOWSKI<br>    and<br>VINCENT SAJKOWSKI<br><br>          Defendants. | CIVIL ACTION<br><br>CASE NO.: 17-2027 |

## JOINT PROPOSED CONSENT ORDER

This Consent Order is entered into between Edna Okae (hereinafter referred to as "Plaintiff"), and Independence Home Care, LLC and Teresa Sajkowski (hereinafter "Defendants").

1.	On March 23, 2017, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and various New Jersey state wage payment and collection laws, and seeking, *inter alia*, back wages for alleged overtime. Dkt. No.: 1.

2.	Thereafter, on April 20, 2017, the Parties filed a joint proposed stipulation to arbitrate and presented same to the Court. Dkt. No.: 7.

3.	On April 21, 2017, this Court entered an Order approving the stipulation to arbitrate and stay the claims pending arbitration. Dkt. No.: 8.

4.	Thereafter, the Parties engaged in informal settlement discussions before proceeding to arbitration and were able to resolve the matter prior to selecting or proceeding to an arbitrator.

1

5. At this time, the Parties seek this Court's approval of the settlement, given that the claims involve FLSA wage violations.

6. An employer and employee cannot privately waive the employee's FLSA right to a basic statutory minimum wage and liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, as the United States Supreme Court made clear in the *Overstreet v. North Shore Corporation et al.*, 323 U.S. 679 (1944), line of cases, employers and employees may enter into stipulated judgments in settlement of bona fide FLSA disputes. Plaintiffs in the *Overstreet* matter brought suit under the FLSA to recover alleged unpaid minimum wages and overtime. The case was tried in the district court and resulted in a judgment awarding to each plaintiff specific unpaid wages, overtime compensation, penalties, and attorney's fees. 52 F. Supp. 503 (S.D. Fl. 1943). The case was appealed on coverage issues, 143 F.2d 172 (5th Cir. 1944), and reached the United States Supreme Court. The Court, in a per curiam opinion, simply modified the judgments of the District Court <u>in accordance with stipulations signed by counsel for the parties</u>, 323 U.S. 679 (1944)(emphasis added).

7. The Supreme Court later explained in *D.A. Schulte v. Gangi*, 328 U.S. 108 (1946):

> "Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, ... the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."
> *Id.* at 928, n.8.

8. Thus, back wage claims arising under the FLSA may be settled or compromised if the employees present to the district court a proposed settlement for scrutiny. *See, e.g., Lynn's Food Store v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Then, "the district court may

2

enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. Nos.: 08-1798(JLL), 10-2461(JLL), 09-6128(JLL)(D.N.J. Mar. 26, 2012), *citing Lynn, supra*.

9. Defendants herein deny that they violated the FLSA, and do not admit liability under any state or federal statute. Neither Defendants' agreement to the terms of this Consent Order nor any other action taken by Defendants in connection with this Consent Order constitutes any admission by Defendants of any violation of law, duty or obligation.

10. Nonetheless, in order to conserve time and expense, Defendants and Plaintiff have conferred and have reached an amicable resolution of this matter, herein presented.

11. Defendants have offered to settle the instant lawsuit and in consideration for execution of a general release and waiver of claims by Plaintiff. The settlement amount, as set forth in Section 2 of the Parties' Settlement Agreement and General Release dated May 31, 2017, which was submitted separately to the Court, includes payment for alleged back wages, liquidated damages, costs and attorney's fees.

12. Plaintiff has accepted this offer of settlement, and all Parties find the settlement to be reasonable. Defendants and Plaintiff have fully executed a negotiated Settlement Agreement and General Release as evidence of the same. Pursuant to the Settlement Agreement and General Release, Plaintiff releases, among other things, any and all claims against Defendants prior to the date of this Consent Order.

13. In consideration of the monetary and non-monetary provisions set forth above, Plaintiff and Defendants resolve their dispute, waive adjudication on the merits, and agree to dismissal of the claims in this suit with prejudice.

14. The Parties stipulate that this Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. Section 1331.

Having considered the foregoing, scrutinized the settlement, and determined that the settlement is fair and reasonable,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

15. All the foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Consent Order; and

16. This case is dismissed with prejudice except that the Court shall retain jurisdiction for a period of sixty (60) days in the event that settlement is not finalized, and

17. The Parties to this Consent Order shall endeavor in good faith to resolve informally any difference regarding interpretation of and compliance with the Order prior to bringing such matters to the Court for resolution.

KARPF, KARPF & CERUTTI, P.C.

By: __/s Christine E. Burke_____
    Christine Burke, Esq.
    3331 Street Road
    Two Greenwood Square, Suite 128
    Bensalem, Pennsylvania 19020
    Office (215) 639-0801
    Fax (215) 639-4970
    cburke@karpf-law.com
    Attorney for Plaintiff

Dated: July 10, 2017

By: _/s__Teresa Sajkowski_____

Teresa Sajkowski, RN BSN CHPN
348 Applegarth Road
Monroe, NJ 08831
Office 609-208-1111
Cell 609-286-4015
Fax 609-208-1117
terri@inhomecarenj.com
*Pro Se*

Dated: July 10, 2017

MCCARTER & ENGLISH

By: __/s Christopher S. Mayer_____
    Christopher S. Mayer
    McCarter & English
    100 Mulberry Street
    Four Gateway Center
    Newark, NJ 07102
    Tel: (973) 848-5393
    Email: CMayer@mccarter.com
    *Attorneys for Defendant Independence Home Care LLC*

July 10, 2017

Dated:_____

_[signature] 7/20/17_
J.

5